

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1279-11

### EX PARTE ACE ALLEN KRETZER, JR., Applicant

### ON DISCRETIONARY REVIEW
### FROM THE NINTH COURT OF APPEALS
### NEWTON COUNTY

**JOHNSON, J., delivered the opinion for a unanimous Court.**

## O P I N I O N

Appellant was on bond awaiting trial on two charges of aggravated sexual assault of a child when he was charged with the instant offense of indecency with a child. The trial court set bail at $500,000. Appellant complained that he had been in jail for more than ninety days and that the state had not been ready for trial within that time span. He asserted that, pursuant to article 17.151 of the Texas Code of Criminal Procedure, he was thus entitled to either personal bond or a reduction in the bail amount. The trial court refused a personal bond, but decreased the bail amount to $250,000. Appellant appealed the denial of personal bond to the court of appeals and also argued to that court that the bail set by the trial court was excessive.

The court of appeals noted that consideration of the future safety of the victim and the community is among the parameters for setting bail that are set out in article 17.151. It held that, because appellant was already on bond for two aggravated sexual assaults of a child when he allegedly committed the pending offense of indecency with a child, the trial court did not abuse its discretion in maintaining bail at $250,000. "By placing a mandatory duty on trial courts to consider the safety of the victim and the safety of the community in fixing bail in all cases, the Legislature requires trial courts to consider a fact that is not related to the amount the defendant can afford to pay." *Ex parte Kretzer,* No. 09-11-00181-CR (Tex. App.—Beaumont July 13, 2011) (quoting *Matthews v. State*, 327 S.W.3d 884, 887 (Tex. App.—Beaumont 2010, no pet.)) (not designated for publication).

After reviewing the briefs of the parties and examining the relevant portions of the record, we conclude that our decision to grant appellant's petition was improvident. Accordingly, we dismiss appellant's petition. TEX. R. APP. P. 69.3.

Delivered: May 16, 2012
Do not publish